## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **LAWRENCE VOLK,** | **:** | |
| | **:** | **C.A. No: K15A-10-004 RBY** |
| **Appellant,** | **:** | **In and For Kent County** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **UNEMPLOYMENT INSURANCE** | **:** | |
| **APPEAL BOARD,** | **:** | |
| | **:** | |
| **Appellee.** | **:** | |

*Submitted: January 11, 2016*
*Decided: January 13, 2016*

***Upon Consideration of Appellant's Appeal from***
***the Unemployment Insurance Appeals Board***
**AFFIRMED**

**ORDER**

Lawrence Volk, *pro se*.

Paige J. Schmittinger, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Unemployment Insurance Appeal Board

Young, J.

## SUMMARY

Lawrence Volk ("Appellant") appeals the denial of his claim for unemployment benefits by the Unemployment Insurance Appeal Board ("the Board"). Appellant has failed to present evidence that he was entitled to the disputed benefits payment. The decision below is **AFFIRMED**.

## FACTS

On August 11, 2015, a hearing was held before an Appeals Referee for the Board regarding the Appellant's ineligibility for one week of unemployment benefits. Appellant failed to attend a mandatory Reemployment and Eligibility Assessment ("REA") workshop scheduled for June 29, 2015. Therefore, a Claims Deputy found Appellant ineligible to receive benefits for the week ending in July 4, 2015. Appellant did not dispute his failure to attend the REA workshop, but he insisted that he was hospitalized and too sick to attend the workshop or read his mail at that time. When asked, Appellant was unable to produce documentation of the dates of his hospital stay.

On August 12, 2015, the Appeals Referee issued a decision affirming the Claims Deputy's finding. Appellant appealed the Appeals Referee's decision to the Board on August 14, 2015, indicating that he could produce evidence of the dates of his hospitalization. On August 19, 2015, the Board denied the application for further review because no new factual or legal issue was presented.

Appellant filed an appeal with this Court on October 13, 2015. Attached to Appellant's Opening Brief in support thereof is a doctor's note dated August 19, 2015, confirming that Appellant was under a doctor's care from April 27, 2015 to

2

July 1, 2015. This evidence was not before the Board previously when it issued a decision. The UIAB declined to file an Answering Brief, but suggested that the dates indicated by the doctor's note, in fact, raise questions as to Appellant's eligibility to receive benefits during a far longer period than the one week at issue here.

## STANDARD OF REVIEW

An appeal from an administrative board's final order to this Court is restricted to a determination of whether the Board's decision is free from legal error and supported by substantial evidence.[1] Questions of law are reviewed *de novo*.[2] "The Court does not weigh the evidence, determine credibility or make its own factual findings."[3]

## DISCUSSION

Appellant failed to attend the required REA workshop which could have maintained his eligibility to receive unemployment benefits for the week at issue. In affirming the Claims Deputy's decision, the Appeals Referee relayed sympathy with Appellant's situation. However, the Appeals Referee noted that Appellant's failure to comply with the statutory requirements for receipt of unemployment benefits was not the result of any error by the state agency.

---

[1] 29 *Del. C.* § 10142(d); *Wilson v. Breakers Hotel & Suites*, 2010 WL 2562214 (Del. Super. June 24, 2010).

[2] *Am. Fed'n of State, County and Mun. Employees, Council 81 v. State Pub. Employees Relations Bd.*, 2011 WL 2176113 (Del. Super. May 25, 2011).

[3] *Bd. of Educ. of Capital Sch. Dist. v. Johns*, 2002 WL 471175 (Del. Super. Mar. 27, 2002).

Appellant's belated presentation of a doctor's note confirming only that he received medical care for a six week period, including the unpaid week, does not change the accuracy of the Board's decision below. At the time the Board considered his claim and his appeal, Appellant did not present evidence of the dates of his care. The Board's decision that Appellant did not comply with state regulations was free from legal error. Indeed, even the late physician's note merely indicates on-going treatment, not inability to attend a workshop.

## CONCLUSION

The decision of the Unemployment Insurance Appeals Board is

**AFFIRMED**.

**IT IS SO ORDERED**.

    /s/ Robert B. Young    

J.

RBY/lmc
cc:    Counsel
        Mr. Lawrence Volk (via U.S. Mail)
        Opinion Distribution